CALDWELL BUILDERS SUPPLY COMPANY, complainant,

*v.*

MAX GOLDBLATT, defendant.

[Decided May 4th, 1934.]

*Mr. Nathan A. Whitfield,* for the complainant.

*Mr. Morris M. Spindel, pro se,* and for Berr and Priest.

*Mr. Samuel B. Krasney,* for the defendant.

BIGELOW, V. C.

The question is, who should pay defendant's costs? The Caldwell Builders Supply Company had a cause of action

on which suit was pending in the circuit court. It assigned the claim to one Louis Schulman by an instrument which contained the following power:

"And we do hereby give to Louis Schulman, his heirs, administrators, executors and assigns the full power and authority for his or their own use and benefit, but at his or their costs, to demand, to collect, to receive, to compound and give acquittance for the same or any part thereof and in our name or otherwise to prosecute or withdraw any suits at law or in equity therefore. And to release and discharge the same at his or their own costs and charges as fully as if we were present or acting therein; and we do hereby ratify and confirm all of his or their lawful acts in the premises."

Thereafter, Schulman sold the cause of action to Philip Priest. Priest or Schulman pressed the suit in the circuit court to judgment in favor of the Caldwell Builders Supply Company. The judgment was not paid and thereupon Priest instituted the present suit to set aside an alleged fraudulent conveyance. The only complainant in the bill is the Supply Company; Priest is not even mentioned. When it appeared at the hearing that Priest was the real party in interest, the bill was dismissed with costs because the practice of this court requires that the beneficial owner of a cause shall be a complainant. Thereafter, for the first time, the Supply Company learned that it was a party to a suit in chancery. It has filed a petition praying that Priest or his solicitors be directed to pay the costs.

The obligation of Priest to pay the costs as between him and the Supply Company is specified in the assignment under which Priest holds title, and is clear. *15 C. J. 99.*

Whether the Supply Company remains liable to defendants for costs, depends on whether Priest was empowered to. bring this suit in the name of the Supply Company. If he was not, the Supply Company is not concluded by the decree and is under no obligation to defendants. If Priest was empowered, the Supply Company is liable for the costs. The authority given to the assignee of the chose, was "to collect" the debt and to prosecute "any suits at law or in equity therefor." Agency to collect usually carries power to sue.

"In aid of this power, the agent has authority to make the suit effective by issuing an attachment or execution upon the judgment when necessary   *   *   *   and may pursue the property due the principal on the debt into the hands of third persons who may have acquired it from the debtor." *2 C. J. 634.*

The present suit is in the nature of an equitable execution; its only purpose is to collect the debt. Its prosecution in the name of the Supply Company is within the scope of the power, and the company is liable for costs.

When Priest's solicitors filed the bill, subscribing it as solicitors for the Supply Company, they knew, of course, that they had not been directly authorized by the Supply Company to do so. Their only authority came from Priest and presumably they inquired of Priest what right he had to instruct them to bring suit in the name of the Supply Company, and so learned that his right rested in the assignment which stipulated that the assignee should bear the costs. They must have contemplated the possibility that the defendants would prevail and that costs would be taxed against complainant. But still I think that their retainer was sufficient, inasmuch as Priest's power was broad enough to cover the suit. They are not liable for costs.

The petitioners may take an order that Priest pay the costs already taxed and $25 for costs on the present application within fifteen days, and that meanwhile, proceedings on the execution which has been issued against complainant be stayed. If Priest does not pay within that time, defendants may enforce the execution. The present proceeding is much like one by a surety for exoneration.